UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN E. RUSHING, as Clerk of the
Circuit Court and County Comptroller
of Sarasota County, Florida

       Plaintiff,

v.                                        Case No. 8:10-cv-1572-T-24-AEP

WELLS FARGO BANK, N.A., as
successor-in-interest to
Wachovia Bank, N.A.,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on three motions in limine: (1) Defendant's motion in limine regarding other litigation (Doc. No. 86), which Plaintiff opposes (Doc. No. 88); (2) Defendant's motion in limine regarding other clients (Doc. No. 84), which Plaintiff opposes (Doc. No. 91); and (3) Defendant's motion in limine regarding other investments (Doc. No. 85), which Plaintiff opposes (Doc. No. 90).

**I. Background**

Wachovia served as the County's agent for purposes of lending the County's securities to approved third-party borrowers in exchange for cash collateral. Wachovia then invested that cash collateral in certain investments on the County's behalf, including $20 million in Altius Bonds and $40 million in Lehman Notes. The County's investment in the Altius Bonds and the Lehman Notes suffered significant losses, and the County filed the instant lawsuit alleging negligence, breach of fiduciary duty, and breach of contract regarding those investments.

**II.  Other Litigation (Doc. No. 86)**

Defendant filed a motion in limine seeking to prohibit any references to other lawsuits against Wells Fargo or Wachovia involving losses from securities lending investments. Defendant contends that other lawsuits are not relevant to the issues in this case, and even if they were relevant, their probative value is outweighed by the danger of unfair prejudice, confusion, and other considerations.

Plaintiff responds that such evidence may be admissible in limited circumstances, such as for the purpose of impeachment if Defendant presents evidence of its corporate standing, customer satisfaction, or other issues relating to its business reputation.

The Court agrees that evidence of other lawsuits is not normally relevant and not permitted.  However, depending on the evidence offered at trial, evidence of other lawsuits might be used for impeachment.  However, the Court cannot make that determination until the time of trial. To the extent Defendant request that Jeff Spies be prohibited from testifying, the motion is denied. The Court is unable to make a pre-trial determination of the relevance of his testimony.

Accordingly, the Court grants the motion to the extent that the Court prohibits any references to other lawsuits for non-impeachment purposes.  The Court denies the motion without prejudice to the extent that Defendant seeks to preclude references to other lawsuits for impeachment purposes and to the extent that Defendant seeks to prohibit Spies from testifying.

**III.  Other Clients (Doc. No. 84)**

Next, Defendant filed a motion in limine to prohibit any reference to, or evidence of, other client contracts and communications.  Defendant contends that such is not relevant to the issues in this case, because every client's securities lending contract is different and each client's

relationship with Wachovia is different.  Additionally, Defendant contends that even if such was relevant, its probative value is outweighed by the danger of unfair prejudice, confusion, and other considerations.

Plaintiff responds that it does not intend to present evidence of other client contracts and communications at trial, although passing references to the existence of other Wachovia client relationships may be made in certain deposition designations.  Because Defendant did not specifically identify any of the references in the deposition designations that it objects to, Plaintiff asks that the Court rule on any specific objections at trial.

The Court finds Plaintiff's suggestion to be reasonable.  The Court agrees that evidence of other client contracts and communications would not normally be relevant.  However, without knowing the specific evidence or deposition designation objected to, the Court cannot rule prior to trial.  Accordingly, the Court denies the motion without prejudice.  Defendant can raise specific objections to any deposition designations at trial.

**IV.  Other Investments (Doc. No. 85)**

Next, Defendant filed a motion in limine to prohibit Plaintiff: (1) from offering evidence or arguing that the investments in Plaintiff's securities lending program that were paid in full and are not the subject of the instant litigation were in any way improper; and (2) from offering evidence relating to investments that Plaintiff did not hold that failed during the financial crisis. Plaintiff does not oppose the motion to the extent that Defendant seeks to prohibit Plaintiff from offering evidence relating to investments that Plaintiff did not hold that failed during the financial crisis, and to that extent, the motion is granted.

Defendant argues that Plaintiff should be prohibited from offering evidence or arguing

that the investments in Plaintiff's securities lending program that were paid in full and are not the subject of the instant litigation were in any way improper, because such is not relevant to the issues in this case. Furthermore, Defendant argues that even if such is relevant, its probative value is outweighed by the danger of unfair prejudice, confusion, and other considerations.

Plaintiff states that it does not seek damages for the OONIM investment, but Plaintiff contends that it may offer evidence regarding that investment as well as its other investments to show that Defendant acted *properly* with regard to those other investments and improperly with regard to the Altius Bonds and Lehman Notes. Accordingly, to the extent that Defendant seeks a blanket prohibition against Plaintiff offering evidence regarding Defendant's handling of Plaintiff's other investments, the motion is denied. To the extent Defendant seeks to limine out evidence that the handling of other investments was in any way *improper*, the motion is granted.

### V. Conclusion

Accordingly, it is ORDERED and ADJUDGED that:

(1) Defendant's motion in limine regarding other litigation (Doc. No. 86) is **GRANTED IN PART AND DENIED IN PART**.

(2) Defendant's motion in limine regarding other clients (Doc. No. 84) is **DENIED WITHOUT PREJUDICE**.

(3) Defendant's motion in limine regarding other investments (Doc. No. 85) is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of August, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

4